UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CINDY CHARLES                                                                                   PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:16-CV-00622-CRS

N.G.T. CORPORATION                                                                       DEFENDANT

### MEMORANDUM OPINION

I. Introduction

This matter is before the Court on Defendant N.G.T. Corporation's ("N.G.T.") motion for a more definite statement as to paragraphs 26, 27, and 31 of the complaint, ECF No. 5. Plaintiff Cindy Charles responded, ECF No. 6. N.G.T. replied, ECF No. 7. For the following reasons, the Court will deny N.G.T.'s motion for a more definite statement.

II. Legal Standard

Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail…. [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Midgett v. KSP Head Chaplain*, No. 5:11-CV-P132-R, 2012 WL 4098991, at *4 (W.D. Ky. Sept. 17, 2012) (alterations in original) (citing *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007)) (internal quotation marks omitted). "Federal courts generally disfavor motions for more

definite statements[, and i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *Id.* (alteration in original). As such, a "Rule 12(e) motion based [only] on the belief that a better affirmative pleading by the opposing party will enable [the movant] to provide a more enlightening or accurate response will be denied." *Thorpe v. Wal-Mart Stores, Inc.*, No. 5:16CV1247, 2016 WL 4098426, at *1 (N.D. Ohio Aug. 2, 2016).

Courts in this circuit have granted motions for a more definite statement when the statutory basis for the claim is unclear. For example, the Sixth Circuit affirmed a district court's grant of a motion for more definite statement, and subsequent dismissal for failure to remedy the complaint's deficiencies, based upon a failure to "provide the defendants with notice of the specific statutory basis for the lawsuit." *CTUnify, Inc. v. Nortel Networks, Inc.*, 115 Fed. App'x 831, 833, 837 (6th Cir. 2004). *CTUnify, Inc.* was on appeal from the Middle District of Tennessee, where the "initial complaint merely alleged that the defendants were in violation of 15 U.S.C. § 1–26," a range of statutes that encompasses "nearly all of antitrust law, including numerous provisions that are wholly inapplicable in this case." *Id.* at 832, 833 n.1. Similarly, a district court held that a plaintiff's claim for wrongful discharge as against public policy "based on 'but not limited to'" a particular statute was impermissibly broad and lacking in enough specificity to put the defendant on notice as to which laws or public policy the plaintiff was referring. *Legg v. Amsted Rail Co.*, No. 2:11-CV-00567, 2011 WL 5525993, at *6 (S.D. Ohio Nov. 14, 2011). The court granted the defendant's motion for a more definite statement in that case. *Id.* A different district court similarly granted a motion for a more definite statement on a wrongful discharge claim when the plaintiff failed to provide "any legislative or specific constitutional provision that evidence[d] a fundamental public policy to prohibit" her

termination. *Bennett v. Waste Mgmt. of Ky. Holdings, Inc.*, No. 6:06-91-DCR, 2006 WL 1635652, at *1 (E.D. Ky. June 7, 2006). Finally, a district court granted in part a motion for a more definite statement when the complaint alleged violations of "the provisions of the applicable Statute of the State of Tennessee" without even indicating whether the "applicable" statute was criminal or civil in nature. *Kveragas v. Scottish Inns, Inc.*, 96 F.R.D. 425, 426 (E.D. Tenn. 1983).

But cases in which motions for more definite statements are granted are a rarity. Courts in this circuit have also held that when there is enough factual background to allow defendants to respond to the complaint, a "Rule 12(e) motion should not be used simply to ascertain plaintiff's legal theories." *Schwable v. Coates*, No. 3:05CV7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005); *see also BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-CV-274, 2011 WL 6749066, at *3–4 (S.D. Ohio Dec. 22, 2011). "[A]ny attempt to use [this motion] to tie the pleader down to a particular legal theory of the case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his case at the pleading stage." *BAC Home Loans Servicing LP*, 2011 WL 6749066, at *3 (citing 5A Fed. Prac. & Proc. § 1377). In *Schwable*, the plaintiff included "a range of sections, 49 C.F.R. §§ 350–399, as the source of the statutory violation" supporting two causes of action. 2005 WL 2002360, at *1. Despite that this range implicated "a plethora of subsections," the court found that there was enough factual background to allow the defendants to respond to the complaint. *Id.* at *1–2. Similarly, a complaint was found to be sufficient when it alleged "violations of the [Fair Labor Standards Act] and Kentucky state law for unpaid overtime compensation," even when it contained erroneous references to a nonexistent Kentucky statute. *Berry v. Office of the Fayette Cty. Sheriff*, No. 5:14-356-DCR, 2014 WL 6390174, at *2–3 (E.D. Ky. Nov. 14, 2014).

3

The court found that, given the context of the entire pleading, the defendant had notice of the claims it needed to defend against. *Id.*

    III.    <u>Analysis</u>

N.G.T.'s motion requests more definite statements for the following paragraphs of the complaint:

> 26.    Upon information and belief, the Defendant Company terminated Plaintiff in retaliation for having refused to participate in and to continue to violate the laws of this Commonwealth and the United States, including, but not limited to Kentucky's wage and hour laws (requiring the payment of wages and commissions for work done), and discrimination and retaliation laws.
> 27.    The Defendant Company's retaliatory termination of Plaintiff is contrary to the fundamental and well-defined public policies of the Commonwealth of Kentucky as evidenced by, at least, the specific statutes and associated regulations stated above. The retaliatory termination wrongfully discriminates against Plaintiff for refusing to violate the law.
> . . .
> 31.    Pursuant to the laws of the Commonwealth of Kentucky, as an employer, Defendant Company has a duty to use reasonable care to supervise employees at the workplace and to retain only employees who do not pose a danger, either physically or emotionally, to the well-being of other employees.

Compl. ¶¶ 26, 27, 31, ECF No. 1-1. N.G.T. argues that Charles' complaint "fails to clearly and succinctly present the applicable law" because her assertion that N.G.T. "violated 'the laws of this Commonwealth and the United States, not limited to' wage, hour, discrimination, and retaliation laws, as well as the 'public policies of the Commonwealth of Kentucky,' necessarily includes many irrelevant and applicable laws." Mem. Supp. Mot. 2, ECF No. 5-1. N.G.T. asserts that it cannot properly prepare an answer that includes all the necessary defenses and cannot "fully anticipate which defenses it might waive inadvertently," given Charles' reference to "nearly all the laws of the Commonwealth and the United States." *Id.* at 3. Finally, N.G.T. points out that Charles' complaint "fails to cite any specific legislative or constitutional provision that supports the alleged violation of public policy." *Id.* at 4. Thus, N.G.T. requests that Charles "list

4

specifically which 'laws of the Commonwealth and the United States,' and which 'public policies of the Commonwealth of Kentucky,' she believes were violated in connection with her termination." *Id.* at 4–5.

In response, Charles asserts that, given the context of the complaint, her inclusion of the phrases "including but not limited to" and "laws of this Commonwealth and the United States" are proper. Pl.'s Resp. 2, ECF No. 6. Charles argues that, given the entirety of the complaint, N.G.T. "should realize that it is defending an employment case including wrongful termination and negligent supervision claims" because her "claims are set out in clear language, are distinctly pled with a caption and specific allegations meeting each element of the case." *Id.* at 4. Finally, Charles asserts that N.G.T.'s request as to paragraph 31 under Count IV of the complaint fails because "Count IV is a claim sounding in negligence," and the complaint "sets out duty, breach and the appropriate elements." *Id.* at 5.

N.G.T.'s reply asserts that when reading Charles' complaint as a whole, it invokes not only an entire chapter of the Kentucky Revised Statutes, which contains "over fifty provisions," but also "claims under federal law, including under the ADEA, Title VII, and the FLSA," all of which contain many provisions. Def.'s Reply 3–4, ECF No. 7.

This Court finds that, taken as a whole and considering the general policy of disfavoring motions for more definite statements, there are sufficient facts present in the complaint such that N.G.T. can reasonably prepare a response. First, as to paragraph 31, this Court agrees with Charles. Count IV of the complaint is captioned "Negligent Retention and Supervision," indicating to N.G.T. that this is a Kentucky state law negligence claim. This claim is further supported by Charles with factual allegations set out in paragraphs 32 and 33, which provide extensive context:

5

> 32. Although Plaintiff, and others, on several occasions informed Defendant Company of her concerns regarding the conduct of Ms. Alanna Cochran, and the negative impact that her behavior had on the environment, and the hostile environment she was creating and allowing to exist in the work place, Defendant failed and refused to take any corrective action with this employee, or act in any other way regarding those concerns.
> 33. Instead, Defendant Company acted to support this individual and took punitive action against Plaintiff by terminating her employment.

Compl. ¶¶ 32–33, ECF No. 1-1. Combining the legal basis for the claim, negligence, with the facts provided and the opportunity for discovery later in this case, this Court finds that N.G.T. can reasonably prepare a response as to paragraph 31 of the complaint.

Second, this Court finds that N.G.T. can reasonably prepare a response as to paragraphs 26 and 27. As to these paragraphs, N.G.T. requests that Charles specify as to which laws she "refused to participate in" violating and as to the laws upon which she is basing her public policy claim. These paragraphs fall under Count III of the complaint, captioned "Wrongful Termination in Violation of Public Policy." Earlier in the complaint, Charles laid out the following facts:

> 8. From approximately December 2015, to the date of her termination, Plaintiff complained to the Defendant Company management officials that an individual management official was subjecting staff to a hostile environment, both in behavior, actions, attitude, and sexually and derogatory explicit language. She also believed and reported that the same management official was violating the law in refusing to provide workers their commission checks and harassing them about receiving their checks. She refused to participate in this activity.
> 9. Shortly after her complaints, the Plaintiff was subject to retaliation up to and including other comments and threats. She complained further in March 2016, and shortly thereafter was terminated from her position, on or about April 25, 2016.

*Id.* ¶¶ 8–9. These paragraphs, along with the earlier quoted paragraphs 32 and 33, provide sufficient context for paragraphs 26 and 27. Charles alleges that she was terminated in retaliation for complaining about a manager's creation of a hostile work environment and the manager's refusal to provide commission checks. It is clear to this Court what claims Charles is alleging, and N.G.T. can reasonably prepare a response as to paragraphs 26 and 27. The exact contours of

6

Charles' claims can be fleshed out in discovery. Therefore, this Court will deny N.G.T.'s motion for a more definite statement.

    IV.    Conclusion

This Court will deny N.G.T.'s motion for a more definite statement. The Court will order N.G.T. to file an answer within 14 days. The Court will issue an order in accordance with this memorandum opinion.

January 10, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**